FILED by ___ D.C.
ELECTRONIC
May 14, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-cv-60724-Middlebrooks-Johnson

ROY E. KIRKLAND, JR.,

    Plaintiff,

v.

OXFORD COLLECTION AGENCY, INC.
d/b/a OXFORD MANAGEMENT SERVICES,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, ROY E. KIRKLAND, JR., is a natural person who resides in Broward County, Florida.

4. Defendant, OXFORD COLLECTION AGENCY, INC., d/b/a OXFORD MANAGEMENT SERVICES, is believed to be a corporation with its principal place of business at 135 Maxess Road, Melville, New York 11747.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

8. Defendant left the following messages on Plaintiff's voice mail within one year of the filing of this complaint:

Call 1
Hi. Yes, this message is for Roy Kirkland. My name is Gwen with Oxford Management. Your file has been placed here on my desk. I have an important decision to make regarding it. It is imperative that you return my call no later than 6 PM today. My toll free number is 1-8--729-4560, extension 342. Please refer to claim number 12--7649.

Call 2
Hi, this important confidential message is for Roy Kirkland. If this isn't Roy, disregard this message and hang up now. Sir, this is Jessica with Oxford Management. You need to return my call immediately at 1-800-729-4560, extension 329. We have made several attempts to contact you. If I don't hear from you by 4 PM today, I will just take it as noncompliance and ignoring us and I will just give up. Thank you.

Call 3

2

> This message is for Roy Kirkland. If this is not Roy, please hang up or disconnect at this time. Roy, my name is Lucy. I am calling from Oxford Management Services. I am calling you because your file came across my desk today and I have an important decision to make concerning yourself and my client before noon tomorrow. It is imperative that I hear back from you before then before my client takes further action against you. Your claim number is 12887649. Again that claim number is 12887649. I can be reached at 1-800-729-4560. Again that is 1-800-729-4560 and this is Lucy. Thank you.

9. Based upon information and belief, Defendant left similar or identical messages on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

10. The messages are "communications" as defined by 15 U.S.C. §1692a(2).

11. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

12. Based upon information and belief, Defendant knew it was required to disclose that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

13. Some of the messages create a false sense of urgency.

14. Plaintiff's roommate heard some of the messages.

15. Plaintiff's roommate is not related to Plaintiff by blood or marriage.

3

16. Plaintiff did not authorize Defendant to communicate with his roommate.

17. No court authorized Defendant to communicate with Plaintiff's roommate.

18. Plaintiff's roommate had no legitimate business need for the information communicated in the telephone messages.

19. Defendant knew or had reason to know that Plaintiff's roommate had no legitimate business need for the information communicated in the telephone messages.

20. The messages communicate information affecting Plaintiff's reputation.

21. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left at Plaintiff's residence.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

4

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24.    Plaintiff incorporates Paragraphs 1 through 21.

25.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE SENSE OF URGENCY

26. Plaintiff incorporates Paragraphs 1 through 21.

27. Defendant's messages create a false sense of urgency in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## UNAUTHORIZED COMMUNICATION WITH A THIRD PARTY IN VIOLATION OF THE FDCPA

28. Plaintiff incorporates Paragraphs 1 through 21.

29. Defendant communicated with an unauthorized third-party in connection the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## UNAUTHORIZED COMMUNICATION WITH A THIRD PARTY IN VIOLATION OF THE FCCPA

6

30. Plaintiff incorporates Paragraphs 1 through 21.

31. Defendant communicated information affecting Plaintiff's reputation to Plaintiff's roommate who had no legitimate business need for the information in violation of Fla. Stat. §559.72(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VI
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32. Plaintiff incorporates Paragraphs 1 through 21.

33. Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing that it is a debt collector, and the purpose of its communications and by claiming the communication was important and urgent when it was not, and by communicating with an unauthorized third-party, all done when it knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

7

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VII
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff incorporates Paragraphs 1 through 21.

35. By failing to disclose that it is a debt collector, and the purpose of its communication and by claiming the matter was important and urgent when it was not, and by communicating with an unauthorized third-party, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VIII
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

36. Plaintiff incorporates Paragraphs 1 through 21.

37. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's failure to disclose it is a debt collector in telephone messages to

consumers and communications with unauthorized third-parties is in violation of the FDCPA.

38. Plaintiff seeks a permanent injunction prohibiting Defendant from failing to disclose it is a debt collector in telephone messages to consumers and prohibiting Defendant from communicating with unauthorized third-parties regarding the collection of consumer debts.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. declaring that Defendant's practices violate the FDCPA and FCCPA;

    b. permanently injoining Defendant from engaging in the violative practices;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 13 day of May, 2008.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: _____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Roy E. Kirkland, Jr.

**DEFENDANTS**

Oxford Collection Agency, Inc. d/b/a Oxford Management Services

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:08CV 60724-Dmm-Johnson

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [x] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporation and Principal Place of Business in This State | 1 | 1 |
| Citizen of Another State | 2 | 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 3 | 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

[Nature of Suit checklist — no boxes marked except:]
- OTHER STATUS: [x] 890 Other Statutory Actions* *A or B

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- [x] 1. Original Proceeding

**VII. REQUESTED IN COMPLAINT**: CHECK IF THIS IS A [ ] UNDER F.R.C.P.23   CLASS ACTION No   DEMAND $ N/A   Check YES only if demanded in complaint   JURY DEMAND: [x] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May __, 2008   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. _____ Amount: 350.00
Date Paid: _____ M/ifp: _____

54 3143

S/F 1-2
REV. 9/94